IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| SUSAN Z. WHATLEY, # 265597, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:20-CV-318-WKW |
| ) | [WO] |
| DEIRDRE WRIGHT, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.  INTRODUCTION

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Susan Z. Whatley ("Whatley").  Doc. 1. Whatley challenges her 2019 convictions entered in the Elmore County Circuit Court on charges of theft of property in the first degree and criminal mischief in the second degree.  She presents claims that she was denied due process when her trial was held without her presence and that her counsel was ineffective in this regard and when he did not communicate an alleged plea offer to her.  *Id*. at 5–7; Doc. 1-1 at 1–3.  In their answer as supplemented (Docs. 10 & 13), Respondents argue that Whatley has failed to exhaust her state court remedies regarding certain claims in her petition and that she may still present such claims to the state courts.  Doc. 10.

Respondents maintain that Whatley's petition should therefore be dismissed without prejudice so she can exhaust these unexhausted claims in the state courts. *Id.*

In light of the arguments and evidence presented by Respondents, the court entered an order allowing Weldon to demonstrate why her petition should not be dismissed without prejudice for her failure to exhaust state court remedies. Doc. 14. Weldon did not file a response to this order.

## II.  DISCUSSION

A prerequisite to filing a federal habeas corpus petition is that the petitioner must exhaust her state court remedies, 28 U.S.C. § 2254(b)(1), giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples*, 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277–78. To exhaust, "prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

Federal habeas petitions that assert both exhausted and unexhausted claims are considered to be "mixed petitions." *Rose v. Lundy*, 455 U.S. 509 (1982). Such

petitions should be dismissed without prejudice to allow petitioners to pursue total exhaustion of state court remedies before bringing a federal habeas action. *Id, at* 519–20; *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Rose*). Alternatively, a petitioner may amend her habeas petition "to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." *Rose*, 455 U.S. at 520; *see also Burton v. Stewart*, 549 U.S. 147, 153–54 (2007) (citing *Rose* and stating that prisoner may withdraw mixed petition to exhaust remaining claims before returning to district court, or may withdraw unexhausted claims).

Whatley's habeas petition presents claims she was denied due process when her trial was held without her presence and that her counsel was ineffective in this regard and when he did not communicate an alleged plea offer to her. Doc. 1 at 5–7; Doc. 1-1 at 1–3. It appears that Whatley has failed to satisfy the exhaustion prerequisite as to these claims. She did not file a direct appeal, where she could have raised her claim that she was denied due process when her trial was held without her presence. However, it is too late for Whatley to return to state court for a direct appeal. *See* Ala.R.App.P. 4(a)(1). Nor has Whatley filed a state petition for post-conviction relief under Rule 32, Ala.R.Crim.P., presenting her claims of ineffective assistance of counsel. However, Whatley still has time to present her claims of ineffective assistance of counsel to the state courts in an Alabama Rule 32 petition.

Whatley was sentenced on August 7, 2019.  Under Rule 4(a)(1) of the Alabama Rules of Appellate Procedure, the time for taking a direct appeal from a criminal conviction is 42 days from sentencing.  *Poole v. State*, 926 So. 2d 375, 379 (Ala. Crim. App. 2005).  Forty-two days from August 7, 2019, is September 18, 2019.  Under Ala.R.Crim.P. 32.2(c)(2), an Alabama Rule 32 petition must be filed within one year after the time for filing an appeal lapses.  Therefore, **it appears that Whatley has until September 18, 2020, to file an Alabama Rule 32 petition** presenting her claims of ineffective assistance of counsel.

Whatley has not indicated that she wishes to amend her habeas petition to delete her unexhausted ineffective-assistance claims rather than returning to state court to exhaust such claims.  *See Rose*, 455 U.S. at 520; *Burton*, 549 U.S. at 153–54 (2007).  Under the circumstances, this court does not deem it appropriate to rule on Whatley's claims without first allowing her to exhaust the remedies available to her in the state courts.  *See* 28 U.S.C. § 2254(1)(b)(2).  Moreover, it does not appear that a stay is warranted, as there is nothing before this court that indicates good cause exists for Whatley's failure to exhaust her claims first in state court.  *See Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005).  The court therefore concludes this § 2254 petition should be dismissed without prejudice so Whatley may exhaust her state court remedies for her claims of ineffective assistance of counsel.  *See* 28 U.S.C. § 2254(1)(b)(2).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED WITHOUT PREJUDICE to allow Whatley to exhaust her available state court remedies.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before August 18, 2020.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982*). See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 4th day of August, 2020.

      /s/  Stephen M. Doyle
STEPHEN M. DOYLE
UNITED STATES MAGISTRATE JUDGE